## WOODMAN v. WICKER.

(Supreme Court, Appellate Term. May 19, 1904.)

1. AGENCY—RATIFICATION—WANT OF ORIGINAL AUTHORITY.

   The fact that defendant made use of a report submitted by plaintiff could not be considered as a ratification of the acts of a third person as defendant's agent in contracting with plaintiff to perform certain services as a chemist, where there was nothing to show that the third person ever had authority from defendant to act as his agent.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Durand Woodman against Cassius M. Wicker. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

White & Otheman, for appellant.

W. P. Dewey, Jr., for respondent.

PER CURIAM. The facts in this case are substantially admitted, and the only question in the case is whether the testimony and all the facts and circumstances shown upon the trial are sufficient to warrant the conclusion, as a matter of law, that one Cullen was the agent of the defendant in contracting with the plaintiff to perform certain services as a chemist, for the value of which services this action is brought. We have carefully examined the record, and can find nothing therein to sustain the plaintiff's contention in that respect. The use made by the defendant of the plaintiff's last report cannot be considered as a ratification of the acts of Cullen as defendant's agent, for the reason that

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 622.

there is nothing in the testimony from which it can legitimately be inferred that Cullen ever had authority from the defendant to act as his agent. The judgment must be affirmed.

Judgment affirmed, with costs.